J-S83023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDRE GOFF, | |
| Appellant | No. 775 EDA 2017 |

Appeal from the PCRA Order January 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005044-2013

BEFORE: GANTMAN, P.J., OLSON AND DUBOW, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 13, 2018**

Appellant, Andre Goff, appeals *pro se* from the January 24, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background and procedural history of this case are as follows. On January 20, 2013, Appellant fired several shots near 59th Street in Philadelphia, Pennsylvania. When police arrested him, they recovered a .40 caliber handgun with an altered serial number. On April 26, 2013, the Commonwealth charged Appellant via criminal information with possession of a firearm by a prohibited person,[1] carrying a firearm without a license,[2]

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106(a)(1).

carrying a firearm on the streets of Philadelphia,[3] recklessly endangering another person,[4] and possessing a firearm with an altered serial number.[5]  On December 22, 2014, Appellant pled guilty to all five offenses.  On June 4, 2015, the trial court sentenced him to an aggregate term of five to ten years' imprisonment followed by five years' probation.  Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition and counsel was appointed. PCRA counsel moved to withdraw with an accompanying letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On December 19, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  **See** Pa.R.Crim.P. 907.  After receiving Appellant's response to the **Turner/Finley** letter, the PCRA court granted PCRA counsel's motion to withdraw and dismissed the petition on January 24, 2017.  This timely appeal followed.[6]

Appellant presents two issues for our review:

---

[3] 18 Pa.C.S.A. § 6108.

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 6110.2(a).

[6] On March 1, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On March 16, 2017, Appellant filed his concise statement. On April 25, 2017, the PCRA court issued its Rule 1925(a) opinion.  Both of Appellant's issues were included in his concise statement.

1. [In light of plea counsel's ineffectiveness, was Appellant's guilty plea knowing and intelligent?

2. Did plea counsel render ineffective assistance by not arguing that the Commonwealth failed to prove that the firearm's serial number was altered?]

Appellant's Brief at 2.

"We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error." *Commonwealth v. McGarry*, 172 A.3d 60, 65 (Pa. Super. 2017) (citation omitted). Although not phrased as such, both of Appellant's issues challenge the effectiveness of his plea counsel.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

"Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove

that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." *Commonwealth v. Smith*, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

Appellant argues that his plea counsel's ineffectiveness in two respects caused him to enter an unknowing and/or unintelligent plea. First, he argues that plea counsel failed to notify him of a plea agreement which would have resulted in an aggregate sentence of five to ten years' imprisonment. Even if plea counsel failed to notify Appellant of this plea offer, he is unable to show prejudice as he was sentenced to an aggregate term of five to ten years' imprisonment – the same sentence included in the plea offer.[7]

Appellant also argues that plea counsel was ineffective for not objecting to the mandatory minimum sentence as violating *Alleyne v. United States*, 133 S.Ct 2151 (2013). The record shows, however, that Appellant did not receive a mandatory minimum sentence. *See* Sentencing Order, 6/4/15, at

---

[7] Appellant does not argue that he was prejudiced as a result of the probationary tail at the end of the sentence. Instead, he makes clear that he was only concerned with the amount of prison time he received. *See* Appellant's Brief at 7 (noting his concern was with the amount of "real time he would receive").

-4-

3-5 (checking the "no" box when asked whether sentences were mandatory minimums); *see generally* N.T., 6/4/15 (never mentioning mandatory minimum during sentencing). Hence, Appellant's underlying claim lacks arguable merit.

In his second issue, Appellant argues that plea counsel was ineffective for not challenging the sufficiency of the evidence with respect to the possession of a firearm with an altered serial number charge. This argument is without merit. It is axiomatic that the Commonwealth is not required to prove the sufficiency of the evidence at a guilty plea hearing. Instead, the Commonwealth only avers what evidence it would have presented at trial and the defendant must concede the facts are true and sufficient to prove the crime(s) he is accused of committing. In his written guilty plea colloquy, Appellant acknowledged that he understood the elements of the possession of a firearm with an altered serial number charge and that he was guilty of that offense. Written Guilty Plea Colloquy, 12/22/14, at 3; *see also* N.T., 12/22/14, at 38-39 (Commonwealth outlining facts supporting alteration of a serial number charge and Appellant agreeing that those facts were correct). Therefore, Appellant's underlying claim lacks arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/13/18</u>