J-S04027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM ADAM SPELL | : | |
| | : | |
| Appellant | : | No. 1439 MDA 2017 |

Appeal from the Dispositional Order August 30, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000170-2013

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 15, 2018**

Appellant, William Adam Spell, appeals from the August 30, 2017 Order entered in the Huntingdon County Court of Common Pleas denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On June 27, 2013, Appellant entered a negotiated guilty plea to one count of Possession With Intent to Deliver a Controlled Substance ("PWID"), Criminal Conspiracy, Criminal Use of a Communication Facility, two counts of Corrupt Organizations and Dealing in Proceeds of Unlawful Activity.[1] Appellant was sentenced to 18 to 36 years' incarceration.[2]

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 903; 18 Pa.C.S. §7512(a); 18 Pa.C.S. § 911(b)(3); and 18 Pa.C.S. § 5111(a)(1), respectively.  Six additional counts of PWID were dismissed pursuant to the negotiated plea agreement.
*(Footnote Continued Next Page)*

Appellant did not file a direct appeal. He filed a *pro se* PCRA Petition on May 5, 2014. The PCRA court denied the Petition on June 24, 2015. Appellant filed an appeal and this Court vacated the Order and remanded for further proceedings. **Commonwealth v. Spell**, 1300 MDA 2015 (Pa. Super. 2016) (unpublished memorandum). This Court held that the PCRA court erred in holding a hearing on the PCRA Petition after permitting counsel to withdraw. **Id.** at 5. We directed the PCRA court to appoint counsel and hold a new hearing. **Id.**

On remand, the PCRA court appointed counsel. Counsel filed an Amended PCRA Petition. On July 25, 2017, the PCRA court held an evidentiary hearing. On August 30, 2017, the PCRA court denied Appellant's Petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Whether the PCRA Court erred in ruling that [Appellant's] Plea was voluntary where he alleges that trial counsel coerced him into entering a plea of guilty?" Appellant's Brief at 2. He avers that trial counsel was ineffective and he is, therefore, entitled to a new trial. **Id.** at 3.

*(Footnote Continued)* ————————————

[2]Appellant was eligible for Recidivism Risk Reduction Incentive. 61 Pa.C.S. §§ 4501-4512. Two other pending criminal prosecutions were dismissed.

"We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error." ***Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa. Super. 2017). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In the sole issue raised in this appeal. Appellant avers that he received ineffective assistance of counsel because counsel coerced him into pleading guilty. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the

particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

"A criminal defendant has the right to effective assistance of counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Id.*** (citation omitted). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Id.*** at 370 (citation omitted).

The PCRA court found no merit to Appellant's claim that counsel was ineffective because he coerced him into pleading guilty. PCRA Ct. Op., 11/2/17, at 4 (unpaginated). The PCRA court opined: "The testimony refutes the notion that Appellant was forced to enter his pleas. He may well have been reluctant under the circumstances, but coerced or forced he wasn't." ***Id.***

At the guilty plea sentencing hearing, Appellant's counsel informed the court that he had expressed the Commonwealth's sentencing offer to

Appellant. N.T. Guilty Plea Sentencing Hr'g, 6/27/13, at 2. The Court explained to Appellant the possible sentences that could be imposed if he went to trial and was convicted of all the charges. *Id.* at 5-8.

The Commonwealth asked Appellant if he understood the charges to which he was pleading guilty. *Id.* at 10. Appellant stated that he understood. *Id.* The court asked Appellant's counsel if he was satisfied that Appellant understood the crimes to which he was pleading and the elements of the crimes. *Id.* Counsel stated that "we have gone over it a number of times[.]" *Id.*

The court asked Appellant if he understood the rights he was giving up by pleading guilty. *Id.* at 11. Appellant responded "Yes." *Id.* Appellant testified that he was entering the guilty pleas voluntarily. *Id.* at 12. Appellant averred that he was satisfied with counsel's representation. *Id.* at 13.

Appellant testified at the PCRA hearing that counsel did not force him to enter a guilty plea. N.T. PCRA Hr'g, 7/25/17, at 19. He stated that the pressure he felt was from counsel telling him that if he did not sign the negotiated plea agreement it would be "off the table." *Id.* Appellant testified that he "got the sense that like he was like really scared that I would really get a lot of time if I didn't take it." *Id.* at 20. Appellant stated that "I got two kids. They will be in their twenties when I get out. It's better than never seeing them. So I ended up taking the plea." *Id.*

Appellant did not establish that but for plea counsel's errors he would not have pled guilty, nor has Appellant demonstrated that he was prejudiced. Furthermore, our review of the record does not demonstrate that Appellant's plea was involuntary or unknowing. *See Rathfon*, 899 A.2d at 370; *Fulton*, 830 A.2d at 572. The findings of the PCRA court are supported by the record. Thus, no relief is due.

Accordingly, we affirm the Order of the PCRA Court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2018