J-A31030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SCOTT JAMES | : | |
| | : | |
| Appellant | : | No. 1546 EDA 2017 |

Appeal from the PCRA Order May 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012334-2013

BEFORE: PANELLA and OLSON, JJ., and STEVENS,* P.J.E.

MEMORANDUM BY OLSON, J.: **FILED MARCH 15, 2018**

Appellant, Scott James[1], appeals from the May 11, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background of this case is as follows. Late in the evening of February 27, 2013, Appellant was drinking at a bar near his aunt's house when his cousin, Gregory Scott ("Cousin"), assaulted him. Appellant called his friend, James Hiller ("Hiller") and asked Hiller to bring a firearm so that he could confront Cousin. When Hiller gave Appellant the firearm, Appellant shot Cousin in the head and then fired several shots into Cousin's corpse.

_____

[1] Appellant apparently goes by "Scott James" and "James Scott." As the notice of appeal filed in this case identifies Appellant as "Scott James," we shall use that name for purposes of this appeal.

* Former Justice specially assigned to the Superior Court

The procedural history of this case is as follows. On October 4, 2013, the Commonwealth charged Appellant via criminal information with first-degree murder,[2] conspiracy to commit murder,[3] possession of a firearm by a prohibited person,[4] carrying a firearm without a license,[5] carrying a firearm on the streets of Philadelphia,[6] and possessing an instrument of crime.[7] On May 8, 2015, Appellant was convicted of first-degree murder, carrying a firearm on the streets of Philadelphia, and possessing an instrument of crime. The trial court immediately sentenced him to the mandatory term of life imprisonment without the possibility of parole. Appellant did not file a direct appeal.

On April 15, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On March 24, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On May 11, 2017, the PCRA court dismissed the petition. This timely appeal followed.

Appellant presents three issues for our review:

---

[2] 18 Pa.C.S.A. § 2502(a).

[3] 18 Pa.C.S.A. §§ 903, 2502.

[4] 18 Pa.C.S.A. § 6105(a)(1).

[5] 18 Pa.C.S.A. § 6106(a)(1).

[6] 18 Pa.C.S.A. § 6108.

[7] 18 Pa.C.S.A. § 907(a).

1. Whether the PCRA court erred in denying [A]ppellant's claim that trial counsel was ineffective for failing to consult with Appellant about the propriety of an appeal?

2. Whether the PCRA court erred in denying [A]ppellant's claim that trial counsel was ineffective for failing to present a voluntary intoxication defense?

3. Whether the PCRA court erred in denying [A]ppellant's claim that trial counsel was ineffective for failing to object to evidence about Appellant's prior conviction?

Appellant's Brief at 4.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error." **Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017) (cleaned up). Appellant's three issues challenge the effectiveness of his trial counsel.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "Counsel is presumed to have been effective." **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis

- 3 -

designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." **Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." **Commonwealth v. Smith**, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

In his first issue, Appellant argues that his trial counsel was ineffective for failing to consult with him about filing a direct appeal. In order to prove that counsel was ineffective for failing to consult with a defendant regarding a direct appeal, a petitioner must show that (1) either (a) there is reason to believe that the defendant would want to file a direct appeal, or (b) the defendant reasonably demonstrated to counsel that he or she wished to file a direct appeal; and (2) there is a reasonable probability that, if counsel would have consulted with the defendant, he or she would have filed a direct appeal. **Commonwealth v. Carter**, 21 A.3d 680, 683 (Pa. Super. 2011) (citation omitted).

In this case, Appellant argues that there is a reason to believe that he would have wanted to file a direct appeal and that he previously demonstrated his interest in filing a direct appeal. We need not reach that argument, however, because the record reflects that there is not a reasonable probability that Appellant would have filed a direct appeal if he consulted with his

attorney. In other words, Appellant failed to plead and prove the second prong of the test articulated in *Carter*.

After being advised of his appellate rights, Appellant said, "I have absolutely no problem with serving the rest of my life in prison. I actually want to. I probably won't even be filing an appeal." N.T. 5/8/15, at 138-139. The trial court then reminded Appellant that was his choice. *Id.* at 139. Appellant responded, "I'm absolutely fine. Because, you know, I mean, I can't sit here and really explain to you why I don't mind spending the rest of my life in prison, but [] I am at peace for a lot of reasons." *Id.* After speaking about his faith, Appellant concluded that "I have plenty of time to [obey God] while in prison." *Id.* at 140. When directly asked if he wanted his counsel to file a post-sentence motion or notice of appeal, Appellant responded, "No." *Id.* at 144. Accordingly, even if trial counsel would have consulted with Appellant about the propriety of filing a direct appeal, there is not a reasonable probability that Appellant would have chosen to file an appeal. As such, the PCRA court properly dismissed this claim without an evidentiary hearing.

In his second issue, Appellant argues that his trial counsel was ineffective for failing to pursue a voluntary intoxication defense. This argument fails because Appellant denied shooting Cousin when he testified at trial. N.T., 5/7/15, at 198-199, 202. It is well-settled that a voluntary intoxication defense is only available when the defendant admits criminal liability. *Commonwealth v. Hutchinson*, 25 A.3d 277, 312 (Pa. 2011).

Therefore, Appellant's underlying claim lacks arguable merit because trial counsel could not pursue a voluntary intoxication defense due to Appellant's failure to admit criminal liability.

In his third issue, Appellant argues that trial counsel was ineffective for failing to object to introduction of prior bad acts testimony pursuant to Pennsylvania Rule of Evidence 609(b).[8] Specifically, Appellant argues that his trial counsel should have objected to evidence of his robbery conviction from 1984. Appellant contends that the Commonwealth failed to show that the "probative value [of the 1984 robbery evidence] substantially outweigh[ed] its prejudicial effect." Pa.R.Evid. 609(b)(1); *see* Appellant's Brief at 12 ("The claim is of arguable merit because the trial court did not make an explicit finding that the prosecution met its burden to prove that the evidence of prior criminal convictions outweighed it [sic] prejudice."). [9]

Rule 609 provides, in pertinent part, that evidence of a witness' prior conviction older than ten years is only admissible to attack a witness' character if "(1) its probative value substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Pa.R.Evid.

---

[8] Appellant cites Rule 404(b) in his brief; however, admission of the prior robbery conviction was governed by Rule 609.

[9] Appellant also appears to argue that his trial counsel was ineffective for failing to make relevancy objections to certain questions by the Commonwealth with respect to this evidence. *See* Pa.R.Evid. 401. This argument is waived. *See* Pa.R.A.P. 2116(a), 2119(a).

609(b). As noted above, Appellant only challenges whether the Commonwealth satisfied Rule 609(b)(1). When determining whether the probative value of a prior conviction substantially outweighs its prejudicial effect, trial courts must weigh the following factors:

> (1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; (2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; (3) the age and circumstances of the defendant; (4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility.

***Commonwealth v. Hoover***, 107 A.3d 723, 725 (Pa. 2014) (cleaned up).

We conclude that the PCRA court properly found that Appellant failed to prove that his underlying claim has arguable merit. Prior to Appellant's testimony, the trial court barred the Commonwealth from introducing evidence related to the 1984 robbery conviction unless Appellant opened the door during his testimony. ***See*** N.T., 5/7/15, at 87-88. On cross-examination, Appellant testified that, "I am not a violent person." ***Id.*** at 208. The Commonwealth viewed this as opening the door which permitted it to ask about the 1984 robbery conviction. When it asked Appellant about the conviction, Appellant's counsel did not object; however, Appellant asked the trial court if he should answer the question. ***See id.*** The trial court responded

in the affirmative. **See id.** In other words, the trial court implicitly told Appellant that he opened the door to that line of questioning. We agree with this assessment.

Several factors weigh in favor of admission of Appellant's prior robbery conviction. A prior robbery conviction reflected upon the veracity of Appellant's statement that he was not a violent person. Appellant had fair warning prior to his testimony that the robbery conviction would not be admitted unless he opened the door during his testimony. Moreover, the Commonwealth had a strong case and was not planning to use the evidence until Appellant asserted that he was not violent. Some factors weigh slightly against admission of the evidence. Specifically, the robbery occurred 31 years ago and was done to help Appellant's father. Weighing these factors, the PCRA court reasonably concluded that the probative value of the 1984 robbery conviction substantially outweighed the prejudicial effect. As such, Appellant's underlying claim lacks arguable merit and Appellant is not entitled to relief on his third claim of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/18

- 8 -