J-S70022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD RIVAS | : | |
| | : | |
| Appellant | : | No. 1872 EDA 2017 |

Appeal from the PCRA Order Entered May 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003315-2013

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED FEBRUARY 22, 2019**

Richard Rivas appeals from the order of the court denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand for proceedings consistent with this memorandum.

Rivas was convicted of possession of a controlled substance with intent to deliver, possession of a controlled substance, and conspiracy to commit possession of a controlled substance with intent to deliver.[1] The court sentenced him on July 11, 2014, to serve five to ten years' confinement. On Tuesday, July 22, 2014, Rivas, through his trial counsel, filed a motion for post-sentence relief. In November 2014, the trial court issued an administrative order deeming the post-sentence motion denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a) (providing post-sentence motion

_____

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16); 18 Pa.C.S.A. § 903.

is denied by operation of law if court fails to decide or grant extension within 120 days). Rivas's trial counsel filed a notice of appeal the following day.

However, this Court quashed the direct appeal. We explained that Rivas had not filed his post-sentence motion within ten days of his July 11 sentencing, as required by Pa.R.Crim.P. 720(A)(1). As his post-sentence motion was untimely, Rivas had 30 days from his sentencing in which to file his notice of appeal, pursuant to Pa.R.Crim.P. 720(A)(3) and Pa.R.A.P. 903(a). *See Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*) (holding filing of untimely post-sentence motion does not toll 30-day period to file appeal from judgment of sentence). Rivas's notice of appeal, filed in November, was therefore untimely. Our order also denied Rivas's request to this Court for leave to file a notice of appeal *nunc pro tunc*.[2] We stated that our order was entered "without prejudice to [Rivas's] right to apply for relief in the trial court via the Post Conviction Relief Act[.]" *Commonwealth v. Rivas*, No. 3328 EDA 2014 (Pa.Super), *Per Curiam* Order filed February 17, 2015.

Rivas thereafter filed a *pro se* PCRA petition, on April 7, 2015. The PCRA court appointed counsel, who filed an amended PCRA petition on April 6, 2017. The Amended Petition alleged that Rivas's trial counsel was "ineffective because, after being instructed to file a Notice of Appeal, counsel did so but

_____

[2] In *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999), the Supreme Court clarified that the proper procedure for reinstatement of appellate rights *nunc pro tunc* is through the filing of a PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1269 (Pa. 2007).

did so in an untimely fashion, [] causing the appeal to be quashed by the Superior Court." Amended Pet., April 6, 2017, at ¶ 10. Rivas requested the reinstatement of his direct appeal rights, or, in the alternative, an evidentiary hearing to prove reinstatement was warranted. The PCRA court issued notice of its intent to dismiss the petition without a hearing on April 11, 2017, and dismissed the petition on May 4, 2017. Rivas filed notice of appeal on June 3, 2017.

Rivas raises a single issue: "Was previous counsel ineffective for having failed to file [a timely] appeal even though directed to do so by [Rivas]?" Rivas's Br. at 3. Rivas requests that we remand the case and direct the PCRA court to reinstate his appellate rights *nunc pro tunc*.

The Commonwealth argues that the record is insufficient to determine whether Rivas requested trial counsel to pursue a direct appeal, and requests that we remand for an evidentiary hearing. Commonwealth's Br. at 4-6.

In its Pa.R.A.P. 1925(a) Opinion, the PCRA court states that it "now adopts the position that Mr. Rivas was denied effective assistance of counsel through [trial counsel's] failure to file timely post-sentence motions or notice[] of appeal." Trial Court Opinion, filed February 13, 2018, at 9. The court quotes statements made by trial counsel at sentencing—although the notes of testimony are not part of the certified record—and finds that Rivas "took presumptive reliance that [trial counsel] would . . . file [post-sentence] motions within ten days." *Id.* at 8. Although the court asserts that the appropriate remedy is reinstatement of Rivas's appellate rights *nunc pro tunc*,

- 3 -

it simultaneously states that we should remand for an evidentiary hearing so the court may determine whether Rivas was denied the right to a direct appeal. *Id.* at 7, 9.

Our review of denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014)(*en banc*). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). An appellate court must "examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id.*

Although a PCRA petitioner claiming ineffective assistance of trial counsel must generally demonstrate counsel's ineffectiveness under the three prongs of the *Strickland*/*Pierce*[3] test, including that counsel's failings caused prejudice, "in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

- 4 -

assistance of counsel *per se* is warranted." **Commonwealth v. Rosado**, 150 A.3d 425, 429 (Pa. 2016). When this occurs, a PCRA petitioner "is automatically entitled to reinstatement of his direct appeal rights." **Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa.Super. 2011).

A defendant is *per se* denied the right to counsel when counsel's failure to perfect an appeal completely forecloses the defendant's right to an appeal. **Rosado**, 150 A.3d at 430-33. It has accordingly been established that a defendant is entitled to relief when he proves that he asked counsel to file a notice of appeal and counsel failed to do so. **Markowitz**, 32 A.3d at 715. Likewise, counsel's failure to file a timely notice of appeal, when requested by the defendant, constitutes ineffectiveness. **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996). When a PCRA court fails to resolve the factual allegations regarding the circumstances surrounding counsel's failure to file an appeal, remand for a hearing is warranted. **See Commonwealth v. McGarry**, 172 A.3d 60, 71 (Pa.Super. 2017) (remanding for evidentiary hearing where PCRA petitioner claimed he asked counsel to file appeal and PCRA court did not resolve factual issue), *appeal denied*, 185 A.3d 966 (Pa. 2018).

Here, Rivas alleged in his PCRA petition that he asked his trial counsel to file a direct appeal, and the record is clear that while counsel did file a notice of appeal, he did so in an untimely manner, which resulted in the quashal of Rivas's direct appeal. However, as both the PCRA court and the

Commonwealth acknowledge, the PCRA court failed to resolve issues of material fact, such as whether Rivas requested a direct appeal.

We therefore find that the PCRA court erred in dismissing Rivas's Amended PCRA Petition without a hearing, and vacate the order dismissing the Petition. **McGarry**, 172 A.3d at 71. We remand for a hearing on whether Rivas was *per se* denied the right to counsel by counsel's failure to file a timely notice of appeal. **Id.**

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19