OPINION BY DUBOW, J.: Appellant, Robert Michael MeGarry, appeals from the September 26, 2016 Order[1] entered in the Erie County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act (“PCRA”), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the portion of the Order that denied relief on the issue of whether trial counsel was ineffective for failing to file a direct appeal and remand for a hearing solely on this issue. We affirm the remaining portion of the Order. In the fall of "2014, Appellant was arrested for two drunk-driving incidents and charged at two separate dockets. The first incident occurred on October 31, 2014 and is docketed at No. CP-25-CR-0003569-2014. The Commonwealth charged Appellant with one count of Driving Under the Influence (“DUI”), a first-degree misdemeanor, and one count of Trespass by Motor Vehicle, a summary offense.[2] When arrested, the Appellant refused testing of his breath. Also, this was Appellant’s second DUI within ten years and thus, if convicted, he was subject to an increased penalty for refusing breath testing. In such a case, he was subject to the mandatory minimum term of 90 days’ imprisonment and a $1,500 fine. 75 Pa.C.S. § 3804(c)(2). See also N.T., 7/20/15, at 8. Appellant was then charged for another DUI incident on November 30, 2014, docketed at No. CP-25-CR-0003564-2014. The Commonwealth charged Appellant with one count of DUI, a first-degree misdemeanor, and one count of Duties at Stop Sign, a summary offense.[3] Appellant again refused testing of his breath. Since this was Appellant’s third DUI within ten years and he again refused testing of his breath, he was subject to the mandatory minimum term of one years’ imprisonment and a $2,500 fine. 75 Pa.C.S. § 3804(c)(3). See also N.T., 7/20/15, at 8. On July 20, 2015, Appellant entered an open guilty plea to the two counts of DUI. On November 23, 2015, the trial court sentenced Appellant to an aggregate term of 3 to 6 years’ imprisonment.[4] On both counts of DUI, the trial court applied the mandatory minimum sentencing provisions for recidivists who refuse chemical testing, including breath testing, as set forth in 75 Pa.C.S. §§ 3804(c)(2) and (c)(3). See N.T., 11/23/15, at 11. . Appellant did not file a post-sentence motion or a direct appeal. Appellant’s Judgment of Sentence, therefore, became final on December 23, 2015. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). On May 2, 2016, Appellant filed a pro se Petition for Correction of Sentence, which the trial court treated as a pro se PCRA Petition,'his first, challenging the legality of his sentence. The PCRA court appointed counsel, but counsel did not file an Amended PCRA Petition[5] or seek permission to withdraw pursuant to Turner/Finley.[6] On July 28, 2016, Appellant amended his PCRA Petition pro se to include a Birch-field[7] claim, which the Clerk of Courts docketed and forwarded to Appellant’s court-appointed counsel. Appellant also filed a Petition to Proceed Pro Se on August 5, 2016, which the Clerk of Courts again docketed and forwarded to Appellant’s court-appointed counsel. The PCRA court did not conduct a Grazier[8] hearing or otherwise permit Appellant to proceed pro se at this time. On August 19, 2016, the PCRA court filed a notice of its intent to dismiss Appellant’s PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. As previously noted, Appellant filed a premature Notice of Appeal on September 9, 2016, which was perfected when the PCRA court dismissed the Petition on September 26,2016. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On January 9, 2017, following this Court’s decision to remand to clarify Appellant’s pro se status on appeal, the PCRA court conducted a Grazier hearing and confirmed Appellant’s desire to proceed pro se. Appellant presents four issues for our review: I. Whether there is deficient subject matter jurisdiction over this constructive trust case [ ] resulting in unlawful adjudication of constitutional rights? [II.] Whether the PCRA court erred in [its] determination of the legality of Appellant’s guilty plea as knowing and voluntarily entered? [III.] Whether the PCRA court erred in [its] determination of the applicability of amended state statutes in violation of state and federal constitutional law? [IV.] Whether the PCRA court erred by not reinstating the Appellant’s direct appeal rights due to counsel’s failure to file one, after being presented with documentary evidence to support the fact that Appellant did in fact request him to do so, thereby waiving meritorious issues for direct review? Appellant’s Brief at 3 (reordered for convenience). We review the denial of a PCRA Petition to determine whether the record supports the- PCRA court’s findings and whether its Order is otherwise free of legal error. Commonwealth v. Fears, 624 Pa. 446, 86 A.3d 795, 803 (2014). To be eligible for relief pursuant to the PCRA, Appellant must establish, inter alia, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error “is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appealf,] or in a prior state postconviction proceeding.” 42 Pa.C.S. § 9544(b). Appellant first challenges this Court’s subject matter jurisdiction over the instant appeal. Appellant’s Brief at 8-16. Appellant essentially argues that he is a “sovereign citizen” and, therefore, is not subject to the laws of the Commonwealth of Pennsylvania. Appellant’s Brief at 16. “Issues pertaining to jurisdiction are pure questions of law, and an appellate court’s scope of review is plenary. Questions of law are. subject to a de novo standard of review.” In re J.A., 107 A.3d 799, 813 n. 15 (Pa. Super. 2015) (citation omitted). A subject matter jurisdiction challenge cannot be waived. Commonwealth v. Jones, 593 Pa. 295, 929 A.2d 205, 210 (2007). “Jurisdiction relates to the court’s power to hear and decide the controversy presented. All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code [pursuant to 42 Pa.C.S. § 931].” Commonwealth v. Gross, 627 Pa. 383, 101 A.3d 28, 32 (2014) (internal citation, quotation marks, and alteration omitted). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: competency of the coúrt to hear the case, and formal and specific notice to the defendant. Jones, supra. Courts in this Commonwealth and various Federal Courts of Appeals have rejected : sovereign citizen claims, identical to those raised here in a handful of unpublished decisions, as frivolous. See, e.g., United States v. Himmelreich, 481 Fed.Appx. 39, 40 n.2 (3d Cir. 2012) (per curiam) (citing with approval United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)); Charlotte v. Hansen, 433 Fed.Appx. 660, 661 (10th Cir. 2011) (“an individual’s belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law.”). We agree that such sovereign citizen' claims are frivolous. In this case, the DUI crimes occurred in Erie County, which is in the Commonwealth of Pennsylvania. Therefore, all courts of common pleas in the Commonwealth, including the Court of Common Pleas' of Erie County, possessed jurisdiction over this case. In addition, this Court has subject matter jurisdiction over this appeal. The PCRA court dismissed Appellant’s PCRA Petition on September 26, 2016. This constituted .a final Order for purposes of appeal. See Pa.R.A.P. 341 (“Final Orders; Generally”); Pa.R.Crim,P. 910 (“An order ... denying ...-a petition for [PCRA] relief shall constitute a final order for-purposes of appeal.”); 42 Pa.C.S. § 742 (“The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas,” subject, to some exceptions). Accordingly, this Court has jurisdiction over this appeal from a final PCRA Order.[9] Appellant is entitled to no relief with respect to his first claim. In his second claim, Appellant challenges the validity of his guilty plea. Appellant’s Brief-at 22-25. Specifically, Appellant argues that counsel caused him to enter an unknowing and involuntary plea because the plea colloquy was deficient; Id. Appellant avers that he was unaware that he had the right “to have a jury decide the alleged chemical test refusal issue[.]” Id. at 23. -“A defendant who attempts to withdraw a guilty plea' after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified.” Commonwealth v. Yeomans, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). “A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintel-ligently.” Id. Pa.R.Crim.P. 690, which pertains to procedures for entering pleas and plea agreements,' requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether, the plea is voluntarily and understanding^ tendered. The comments to Pa.R,Crim.P. 590 provide that at a minimum, the court should make the following inquiries: (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere? (2) Is there a factual basis for the plea? (3) Does the defendant understand that he or she has the right to trial by jury? (4) Does the defendant understand that he or she is presumed innbcent until found guilty?' (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged? (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? Pa.R.Crim.P. 590, Comment.[10] The comments to Pa.R.Crim.P. 590 also specify that “nothing in the rule would preclude the use of a written colloquy that is read, completed, sighed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have;to be supplemented by some on-the-record oral examination.” Id. In the instant case, Appellant’s assertion that his plea was involuntarily entered is belied by the record. At the guilty plea hearing on July 20, 2015, Appellant signed an- extensive written colloquy and provided oral responses to the court’s inquiries. The written colloquy confirmed that Appellant received a copy of the Information for each docket, which detailed the nature of the charges, and specified the charge on each docket to which he was entering his guilty plea. Furthermore, Appellant aeknowl-edged in the written colloquy that he had been informed that he had the right to a trial by jury, that he:was presumed innocent until:found guilty, that the judge was not bound by the terms of any plea agreement tendered unless the judge accepted such agreement, and numerous additional rights not delineated in Rule 590. Additionally, the written colloquy detailed the permissible range of sentences and fines-for the two offenses to which Appellant would plead guilty. During the plea hearing, the Commonwealth repeated many of these rights and established a factual basis for each DUI offense. See, N.T., 7/20/15, at 4-11. Additionally, the court informed Appellant of the possible sentences. Id. at 8-10. After the Commonwealth recited the brief factual basis for each DUI incident, Appellant orally confirmed, his intention to plead guilty to each DUI offense. Id. at 9-10. In exchange, the Commonwealth nolle grossed the two summary offenses. The totality of the circumstances establishes that Appellant entered a knowing and voluntary guilty plea and the record belies Appellant’s claims that his guilty plea was invalid. The record supports the PCRA court’s factual-finding that- there was no manifest injustice that would -mandate withdrawal of this guilty plea. Accordingly, Appellant is entitled to no relief. In his third issue, Appellant challenges the legality of his sentence. He avers that the application of a DUI recidivist sentencing law to his offenses amounted to an illegal ex post facto punishment. Appellant’s Brief at 26-29. Appellant also claims that he is entitled to relief because the court sentenced him pursuant to ,a mandatory minimum sentencing statute that was rendered unconstitutional by Birchfield. Id. at 11-12, 24. Appellant' contends that the trial court should not have imposed the recidivist sentencing law to Appellant’s offenses that occurred on October 31, 2014, and November 30, 2014, because the changes in the sentencing law[11] did not become effective until December 27, 2014, Id. at 26-27. Appellant asserts that the application of the law to his offense amounts to an ex post facto punishment and he should have been sentenced under the sentencing provisions .that were in place when he actually committed the crime. Id. at 29. A challenge to the application of a statute by a trial court presents a question of law. Commonwealth v. Perez, 97 A.3d 747, 750 (Pa. Super. 2014). Where an issue presents a question of law, the appellate court’s standard of review is de novo. Commonwealth v. Descardes, 635 Pa. 395, 136 A.3d 493, 496-97 (2016). In addition, our scope of review in this matter is plenary. Id. “[D]uly enacted legislation carries with it a strong presumption of constitutionality.” Commonwealth v. Kizak, 148 A.3d 854, 856 (Pa. Super. 2016) (citation omitted). “[A] statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution.” Id. (citation omitted). “If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute’s constitutionality.” Id. (citation omitted). “[A] state law violates the ex post facto clause if it was adopted after the complaining party committed the criminal acts and inflicts a greater punishment than the law annexed to the crime, when com-mitted.” Commonwealth v. Fleming, 801 A.2d 1234, 1237 (Pa. Super. 2002) (quotation marks and citation omitted). “[CJentral to the ex post facto prohibition is a concern for the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.” Kizak, supra, at 857 (quotation marks and citations omitted, emphasis added). “[I]n order for a criminal or penal law to be deemed an ex post facto law, two critical elements must, be met: it must be retrospective, that is, it must apply to events occurring before its, enactment, and it must disadvantage the offender affected by it.” Id. (quotation marks and citations omitted, emphasis added). In Kizak, supra, this Court addressed a nearly identical challenge to the DUI statute at issue here, 75 Pa.C.S. § 3806. In Kizak, the legislature adopted amendments to provisions of the DUI statute on October 26, 2014, making the amendments effective on December 26, 2014. The legislation provided that the courts should apply the amendments to any sentences imposed after December 26, 2014. The defendant committed her DUI crime on December 10, 2014, six weeks after the legislature adopted amendment to this law, but before the effective date of the amendments on December 26, 2014. The trial court sentenced Kizak on July 14, 2015 and applied the amendment to the DUI offense at issue, resulting in a higher penalty because it was her second offense. Kizak argued that the trial court violated Kizak’s rights pursuant to the ex post facto clause because Kizak committed the offense on December 10, 2014, and the legislature determined that the amendments are not effective until December 26, 2014. Kizak, supra, at 856. This Court, however, concluded that there was no ex post facto violation. Id. at 859-60. Since the issue in. an analysis of the ex post facto clause is whether the defendant had “fair notice” of the change in the law, the operative date for determining whether there was an ex post facto violation, and the date on which the defendant is deemed to have “fair notice,” was the date the legislature adopted the 2014 amendments, not the date that the legislature made the amendments effective. Since the legislature adopted the legislation on October 27, 2014, and Kizak’s offense occurred six weeks after that enactment, on December 10, 2014, the legislature had already passed the legislation when Kizak committed the offenses and Kizak is deemed to have “fair notice” of the change. Id. at 860. Thus, the trial court did not violate Kizak’s rights under the ex post facto clause. Id. Here, the legislature adopted the amendments to the DUI statute on October 27, 2014. Appellant committed the DUI offenses on October 31, 2014, and November 30, 2014. Thus, the legislature had passed the 2014 amendment when Appellant committed the offenses and Appellant is deemed to have had “fair notice” of the offenses when he committed them. Thus, the trial court .did not violate the Appellant’s rights under the ex post facto clause when it sentenced him pursuant to the 2014 amendments. Moreover, Appellant was sentenced on November 23, 2015, well after the effective date of the amendment and in compliance with the statute that required the courts to apply the amendments for any sentence it imposes after December 26, 2014. Kizak, supra, at 860 (“The amendment of 75 Pa. C.S. § 3806(b) shall apply to persons sentenced on or after [December 26, 2014].”). Accordingly, we are satisfied that there was no ex post facto violation in the-instant matter. As such, we conclude that Appellant’s contrary claim lacks merit. Appellant next argues that his sentence is illegal pursuant to Birchfield v. North Dakota, — U.S. —, 136 S.Ct 2160, 195 L.Ed.2d 560 (2016). He asserts that his refusal to take a breath test should not have been a consideration of his sentence.[12] Seven months after Appellant’s sentencing hearing, on June 23, 2016, the United States Supreme Court decided Birchfíeld, holding that blood tests taken pursuant to implied consent laws are an unconstitutional invasion of privacy. Id. at 2186. The Supreme Court stated that “motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense[,]” and concluded that Birchfíeld could not be convicted of refusing a warrantless blood draw following his DUI arrest. In contrast, the Court held that the Fourth Amendment permits war-rantless breath tests incident to arrests for drunk driving. Id. at 2184. See also Commonwealth v. Giron, 155 A.3d 635, 640 n.13 (Pa. Super. 2017) (“We emphasize that our holding does not prohibit a driver from being subjected to enhanced penalties under sections 3803 and 3804 for refusing to provide a breath test.”). Contrary to Appellant’s contention, Birchfíeld does not apply in.the instant case, because Appellant refused a breath test. During .the plea colloquy, Appellant stipulated to specific facts involving his DUI crimes. Regarding the October 31, 2014 offense, Appellant agreed, inter alia, that he “did drive, operate^] or [was] in actual physical control of-the. movement of a vehicle after imbibing a sufficient amount of alcohol such that, [he was]..rendered incapable of safely driving and that [he] refused to provide a sample of [his] breath when requested.” N.T., 7/20/15, at 9 (emphasis added). Regarding the November 30, 2014 offense, Appellant agreed, inter alia, that he “refused to provide a sample of [his] breath, operating' a 2001 Nissan Frontier ... [and] did commit the crime of driving under the influence general impairment refusal,' third offense, misdemeanor of the first degree.” Id. at 11 (emphasis added). There is no support in the ■ certified record for Appellant’s averment that he refused a blood test. See, e.g., Appellant’s Brief at 24. Accordingly, Appellant’s Biróhñeld claim fails.' In his final claim, Appellant contends that plea counsel was ineffective for failing to file a requested appeal, and the PCRA court erred in concluding otherwise and refusing to hold a hearing or reinstate his direct appeal rights nunc pro tunc. Appellant’s Brief at 17-21. Appellant notes that his counsel informed him that “[s]ince the total' sentence actually' imposed was much less than the law allows, there is' no way an appellate court would’overturn the sentence you received.” Id. At 17 (citing Lettér). “There is no absolute right to an evidentiary hearing on á PCRA , petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then' a hearing is' not necessary.” Commonwealth v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). “With respect to the PCRA court’s decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.” Commonwealth v. Mason, 634 Pa. 359, 130 A.3d 601, 617 (2015). “A PCRA court does not abuse its discretion merely by dismissing some claims without a hearing and conducting an evidentiary hearing oh other claims.” Commonwealth v. Watkins, 630 Pa. 652, 108 A.3d 692, 726 (2014) (citation omitted). The law presumes counsel has rendered effective assistance. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. Id. To satisfy this burden, Appellant must plead and prove by a preponderance Of the evidence that: “(1) his underlying claim is óf arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel’s ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.” Commonwealth v. Fulton, 574 Pa. 282, 830 A.2d 567, 572 (2003). Failure to satisfy any prong of .the test will result in rejection of the appellant’s ineffective assistance of counsel claim. Commonwealth v. Jones, 571 Pa. 112, 811 A.2d 994, 1002 (2002). Our Supreme Court has held that where “there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution; as well as the right to direct appeal under Article V, Section. 9,” thus constituting prejudice and per se ineffectiveness for PCRA purposes. Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564, 572 (1999) (emphasis added). Before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request.” Commonwealth v. Touw, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citation and quotation marks omitted). In such a circumstance, a defendant is automatically entitled to reinstatement of his appellate rights. Lantzy, supra, at 572. Here, Appellant claims that he specifically requested by phone call that his plea counsel file a direct appeal within 10 days of his sentence, and that plea counsel assured him that he would file the requested appeal. Appellant also avers that his father also contacted plea counsel to reiterate this request within the 30-day window to file a direct appeal, and that plea counsel again stated that he would file the direct appeal. Appellant attached a letter from his plea counsel dated February 27, 2016, in which plea counsel described several reasons he believed Appellant’s appeal would be frivolous. However, Appellant was not given the opportunity of an evidentiary hearing to prove that he asked plea counsel to file an appeal. The PCRA court did not substantively analyze this issue in its cursory Opinions so we do not have the benefit of any findings of fact or credibility findings regarding Appellant’s ineffectiveness claim. Therefore, we find that the PCRA court erred in dismissing Appellant’s PCRA Petition without holding a hearing to determine (1) whether Appellant asked plea counsel to file a direct appeal; or (2) whether Appellant displayed signs of desiring an appeal, whether counsel had a duty to consult with Appellant about an appeal, and whether counsel did so consult. Accordingly, we are constrained to vacate the PORA court’s September 26, 2016 Order denying Appellant’s PCRA Petition without a hearing. See Lantzy, supra, at 572. Upon remand, the PCRA court shall conduct a hearing to determine solely whether counsel was ineffective for failing to file a direct appeal. If the PCRA court determines that Appellant was denied his constitutional right of direct appeal, it shall enter an order reinstating Appellant’s direct appeal rights and establishing the deadline for the filing of Appellant’s post-sentence motions and a direct appeal nunc pro tunc.[13] Order vacated. Case remanded for further proceedings. .Jurisdiction relinquished. . Appellant filed his September 9, 2016 Notice of Appeal from the August 19, 2016 Notice of Intent to Dismiss his, PCRA Petition. Appellant’s appeal, therefore, was technically premature as this is' not a final, appealable order. See Pa.R.A.P. 301; Commonwealth v. Swartzfager, 59 A.3d 616 (Pa. Super. 2012). However, on September 26, 2016, the PCRA court entered an Order dismissing Appellant’s PCRA Petition. Accordingly, this appeal was perfected by entry of a final order and its merits are properly before this Court. See Commonwealth v. Cooper, 611 Pa. 437, 27 A.3d 994, 1004 (2011) (“The appeal may have been premature when filed; but the subsequent actions of counsel and the trial court fully ripened it."); Pa.R.A.P. 905(a)(5). . 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3717, respectively. . 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3323, respectively. . The trial court imposed two consecutive terms of 18 to 36 months’ incarceration on the DUI convictions. The Commonwealth nolle prossed the two summary offenses. . The PCRA court alluded to "court[-]appointed counsel’s letter offering the fully pled and articulated petition for review of court” in its Pa.R.Crim.P, 907 Notice, but this letter is not included in the certified record. . Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988), and Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988) (en banc). . In Birchfield v. North Dakota, — U.S. —, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), the United States Supreme Court invalidated any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant. The Court determined that with regard to blood tests, the police must either seek a warrant, obtain consent, or show exigent circumstances. Id. . Commonwealth v. Grazier, 552 Pa. 9, 713 A.2d 81 (1998). . Insofar as Appellant insists, without reference to supporting legal authority in his rambling Brief, that this is a “constructive trust case[,]“ he is incorrect and misapprehends the nature of PCRA proceedings, See, e.g., Appellant’s Brief at 6. . The Comment to Pa.R.Crim.P. 590 includes a seventh proposed question that pertains only to defendants who plead guilty to murder. . The 2014 Amendment to the recidivist sentencing law altered the "look back” period for determining prior offenses. See 75 Pa.C.S. § 3806; Commonwealth v. Kizak, 148 A.3d 854, 859 (Pa. Super. 2016). . The certified record indicates that on November 23, 2015, the trial court imposed two mandatory minimum sentences pursuant to 75 Pa.C.S. § 3804(c)(2) and (c)(3) for Appellant’s DUI convictions. N.T., 11/23/15, at 11. . In his Brief, Appellant attempts to raise numerous claims of. ineffectiveness that he did not assert in his Rule 1925(b) statement, such as an allegation that counsel did not inform him of the mandatory minimum sentence that he would be subject to, or the fact that the court could impose his sentences consecutively. See Appellant’s Brief at 17-21, None of these allegations were raised in his Rule 1925(b) Statement. Accordingly, they are waived for otir purposes.