J-A04035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK AG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEBASTIAN HOLDINGS, INC., CPR | : | |
| MANAGEMENT, S.A., DEVON PARK | : | |
| ASSOCIATES, L.P., AND DEVON | : | No. 2178 EDA 2019 |
| PARK BIOVENTURES, L.P. | : | |

Appeal from the Order Entered June 27, 2019
In the Court of Common Pleas of Chester County Civil Division at No(s):
Mar. Term, 2019. No. 2019-02629

BEFORE:   PANELLA, P.J., STRASSBURGER, J.*, and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 14, 2020**

Appellant, Deutsche Bank AG ("the Bank"), appeals from the order of the Court of Common Pleas of Chester County ("the trial court"), entered on June 27, 2019, granting the motions filed by Appellees -- Sebastian Holdings, Inc. ("SHI"), CPR Management, S.A. ("CPR"), Devon Park Associates, L.P., and Devon Park Bioventures, L.P. – to strike the Bank's praecipe to transfer ("Praecipe to Transfer") this matter from the United States District Court for the Eastern District of Pennsylvania ("the federal court") to the trial court. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

This action arises out of the ongoing efforts of the Bank to collect on a $235,646,345.00 judgment that was rendered against SHI and its alleged alter ego, Alexander Vik, by the Commercial Court, Queen's Bench Division of the High Court of Justice of England and Wales in November 2013. At issue in this derivative case is an allegedly fraudulent transfer by SHI of its limited partnership interest in Devon Park Associates, L.P., and Devon Park Bioventures, L.P., (collectively, "Devon Park") to CPR on October 16, 2014. **See** Praecipe to Transfer, 3/12/2019, at 2 ¶ 4 & Exhibit A, the Bank's Statement of Claim in Interpleader, Counterclaims, Crossclaims, and Third-Party Claims, in **CPR Management, S.A. v. Devon Park Bioventures, L.P.**, E.D. Pa. Docket Number 2:18-cv-01973-CMR ("Complaint"), 8/28/2018, at 37, 39 ¶¶ 132, 140.

On March 15, 2017, CPR instituted confidential arbitration proceedings against Devon Park in Pennsylvania ("the Arbitration Proceeding"). Order, 6/27/2019, at 2 n.1 (not paginated) (citation omitted). The Bank sought permission to participate in the Arbitration Proceeding, but the arbitrator denied its request on July 6, 2017. Complaint at 45 ¶ 178; Order, 6/27/2019, at 2 n.1. "On March 9, 2018, the arbitrator rendered a final award in favor of CPR (the 'Arbitration Award') after Devon Park withdrew from the Arbitration Proceeding." Order, 6/27/2019, at 2 n.1 (citing Complaint at 46 ¶ 186).

"On April 30, 2018, CPR brought a petition to confirm the Arbitration Award against Devon Park in the Court of Common Pleas of Philadelphia County (the 'Petition to Confirm the Arbitration Award')." *Id.*

> Devon Park removed the Petition to Confirm the Arbitration Award to the [federal court] on May 10, 2018 (the "Federal Action"). On June 25, 2018, . . . Devon Park filed an Answer to CPR's Petition to Confirm the Arbitration Award, Counterclaims/Cross-Motion to Vacate or Modify the Arbitration Award, and Interpleader, bringing the Bank into the action (the "Interpleader Complaint"). On July 30, 2018, CPR moved to strike the Interpleader Complaint, and on August 28, 2018, the Bank filed an Answer to the Interpleader Complaint, simultaneously bringing counterclaims against Devon Park, crossclaims against CPR, and third-party claims against SHI. *See* Compl[aint.] The Bank asserted a claim for fraudulent transfer under Pennsylvania's Uniform Voidable Transactions Act,[1] a claim seeking a declaration of alter-ego liability against SHI and CPR, and claims for fraud and conspiracy to commit fraud against all [Appellees]. Compl[aint] at [50-56] ¶¶ 208-72.

*Id.* (some formatting).

On January 15, 2019, the federal court entered a four-page order, which included the following:

> This Order addresses the narrow issue of whether [Devon Park] have appropriately interpleaded [the] Bank in response to [CPR's] [P]etition to [C]onfirm its [A]rbitration [A]ward against them. Upon consideration of CPR's motion to strike the interpleader claims, and the responses thereto, Devon Park's interpleader response is procedurally improper, and will be stricken . . .
>
> Devon Park's attempted interpleader of [the] Bank is procedurally prohibited. . . .
>
> AND NOW, this 15th day of January 2019, upon consideration of Petitioner CPR's Motion to Strike Devon Park's Interpleader Claims as to [the] Bank, and the responses thereto, it is hereby

_____

[1] 12 Pa.C.S. §§ 5101-5114.

> **ORDERED** that CPR's Motion is **GRANTED**. The interpleader claims are **STRICKEN** and the Clerk is directed to **TERMINATE** all third-party claims and parties.

Praecipe to Transfer, 3/12/2019, Exhibit B, Order from the Federal Action, E.D. Pa. Docket Number 2:18-cv-01973-CMR ("the Federal Court Order"), 1/15/2019, at 1, 3-4 (emphasis in original).

CPR's Petition to Confirm the Arbitration Award was unaffected by the Federal Court Order. *See* Order, 6/27/2019, at 2 n.1.

On March 12, 2019, the Bank transferred its claims to the trial court by filing the Praecipe to Transfer. *Id.* at 1 n.1. The Praecipe to Transfer cited to 42 Pa.C.S. § 5103(b) as authority for the transfer. Praecipe to Transfer, 3/12/2019, at 1.

Thereafter, Appellees each filed a separate motion to strike the Praecipe to Transfer, all arguing that 42 Pa.C.S. § 5103(b) was inapplicable to the current action, because the Bank's claims were not dismissed by the federal court for lack of jurisdiction. Order, 6/27/2019, at 1 n.1. The trial court agreed and, on June 27, 2019, granted Appellees' motions and struck the Praecipe to Transfer. On July 26, 2019, the Bank filed this timely appeal.[2]

The Bank presents the following issues for our review:

Did the trial court err in concluding that the [federal court] dismissed [the] Bank's state law claims on procedural grounds rather than for lack of supplemental jurisdiction, where: (a) [the] Bank's claims were jurisdictionally dependent on Devon Park's Interpleader Complaint; and (b) [the] Bank's claims were

---

[2] On August 20, 2019, Appellant filed its statement of errors complained of on appeal. The next day, the trial court entered a statement that its order of June 27, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

- 4 -

subsequently dismissed following the dismissal of Devon Park's Interpleader claims?

The Bank's Brief at 2.

"Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review." ***Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa. Super. 2017) (citation omitted), *appeal denied*, 185 A.3d 966 (Pa. 2018).

The Bank contends that the trial court erred in its analysis of 42 Pa.C.S. § 5103(b) and misinterpreted the federal court's reasoning in the Federal Court Order. The Bank's Brief at 8.

Section 5103(b) states, in relevant part:

> Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court **for lack of jurisdiction**, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth[.]

42 Pa.C.S. § 5103(b) (emphasis added). Nothing in Section 5103(b) states that a matter may be transferred from federal court to a court of this Commonwealth if the matter was dismissed on procedural grounds. ***See generally id.***

The Federal Order states that the Interpleader Complaint was "procedurally improper" and "procedurally prohibited." The Federal Order at 1, 3. Without the Interpleader Complaint, the Bank was never a party to the Federal Action. The Federal Order never states that the Interpleader Complaint or the Bank's claims were dismissed "for lack of jurisdiction" as

required to transfer an action pursuant to 42 Pa.C.S. § 5103(b).  Additionally, the Bank provides us with no case law – and our research fails to uncover any -- stating that a federal court's dismissal of an action on procedural grounds is equivalent to a dismissal "for lack of jurisdiction" for purposes of a transfer under 42 Pa.C.S. § 5103(b).  **See** The Bank's Brief at 8-13.

As for the Bank's remaining argument, *i.e.*, "[t]he trial court erred by failing to consider the strong public policy grounds behind the transfer of [the] Bank's claims under § 5103[,]" **id.** at 13, the Bank provides us with no case law – and, again, we find none – allowing Section 5103(b)'s statutory requirement that the dismissal of a case from federal court only "for lack of jurisdiction" may be ignored on "public policy grounds[.]"  **See id.** at 13-15.

For the reasons set forth above, we find that the trial court did not err by granting Appellees' motions to strike the Praecipe to Transfer.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/20