J-A28022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ERIC BETTON | : | |
| | : | |
| Appellant | : | No. 220 WDA 2020 |

Appeal from the Order Entered January 15, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000935-2019

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM PER CURIAM: FILED NOVEMBER 13, 2020

John Eric Betton (Appellant) appeals pro se from the trial court's order finding him guilty of a summary violation of the Motor Vehicle Code. Upon review, we quash this appeal due to the substantial deficiencies in Appellant's brief which preclude meaningful review.

The trial court summarized the underlying facts and procedure as follows:

> [Appellant] filed a summary appeal from a magisterial district court conviction. On January 15, 2020, after a de novo hearing, [the trial court] found [Appellant] guilty of violating [75 Pa.C.S.A. §] 6308(a) (investigation by police officers) of the Motor Vehicle Code and imposed a $25.00 fine, plus costs. . . .
>
> During the hearing of January 15, 2020, Pennsylvania [State] Police Trooper William Binion testified that he stopped [Appellant's] vehicle on August 12, 2018, at approximately 1:43 a.m., because the registration had expired. (H.T. at 13, 15). [Appellant] was driving the vehicle. Trooper Binion requested [Appellant's] license, registration and proof of insurance.

[Appellant] refused to provide any of these documents. (H.T. at 19, 25, 29). Instead, [Appellant] showed Trooper Binion documents that were neither legal identification nor any of the requested documents. (H.T. at 20). The documents [Appellant] provided were titled "Third Notice of Default" and "Allodial American National Identification Card." (Exhibit 1, admitted on page 21 of H.T.). . . .

[The trial court] found [Appellant] guilty because Trooper Binion testified and [Appellant] admitted that he failed to provide a registration card, driver's license and information relating to financial responsibility.

Trial Court Opinion, 6/17/20, at 1-3 (unnumbered).

Appellant filed this timely appeal, and both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Upon review, we agree with the trial court that "Appellant's allegations of error are nonsensical and fail to concisely identify an error or ruling that [Appellant] challenges." See id. at 2 (unnumbered).

Similarly, the Commonwealth argues that this appeal should be quashed because Appellant has failed to comply with the Pennsylvania Rules of Appellate Procedure. See Commonwealth Brief at 6-11. The Commonwealth observes that Appellant's brief "does not contain any discrete claims, nor does it contain legal analysis. Appellant's brief does not describe why Appellant believes the trial court erred." Id. at 8. The Commonwealth states that it:

respectfully submits this lack of analysis violates the Pennsylvania Rules of Appellate Procedure, which detail the mandatory requirements for briefs in an appellate court. Pa. R.A.P. 2101 and Pa. R.A.P. 2111[.] . . . As there are no claims for review by this Honorable Court, the Commonwealth respectfully submits that there is a clear basis for, and it is in this Court's discretion to order, quashal of the instant appeal.

*Id.* at 6.

The Commonwealth is correct. We have explained:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted). In particular,

[t]he argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (emphasis added).

Here, Appellant's brief encompasses four pages which appear to reference law enforcement as "Code Enforcers," and claim as a defense to Appellant's summary conviction his status as a "natural man," "corporate soul," and Aboriginal Moor American. See Appellant's Brief at 1-4 (unnumbered). We agree with the trial court that Appellant "seems to be alleging sovereign citizen claims, which have previously been rejected by Pennsylvania and Federal Courts." Trial Court Opinion, 6/17/20, at 2-3

(unnumbered) (citing Commonwealth v. McGarry, 172 A.3d 60, 66 (Pa. Super. 2017)).

Consistent with the foregoing, we are unable to conduct meaningful review, and for this reason quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2020