J-S07004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RANDY FLYNN ANDERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | No. 707 WDA 2021 |
| PENNSYLVANIA, GREENE COUNTY | : | |
| DISTRICT ATTORNEY'S OFFICE OF | : | |
| THE COUNTY OF GREENE, | : | |
| PENNSYLVANIA, D.B. OBERLANDER, | : | |
| SUPERINTENDENT, SCI FOREST | : | |

Appeal from the Order Entered April 22, 2021
In the Court of Common Pleas of Greene County Civil Division at No(s):
139 A.D. 2021

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  March 29, 2022**

Appellant, Randy Flynn Anderson, appeals from the order entered April 22, 2021, which dismissed his petition for relief filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

We briefly summarize the facts and procedural history of this case. Appellant is currently incarcerated following a March 10, 2015 negotiated guilty plea.  ***See Commonwealth v. Anderson***, 2017 WL 2200742

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] As explained more thoroughly below, Appellant filed his petition as a writ of *habeas corpus*, which the trial court erroneously treated as a civil pleading rather than a PCRA petition.

(Pa. Super. 2017) (unpublished memorandum). On March 4, 2021, Appellant sent a filing entitled "petition for writ of habeas corpus and redress of grievance" to the Court of Common Pleas of Greene County (hereinafter "March 4 petition"). The trial court treated the petition as a civil matter, entered it on the civil docket at 139 A.D. 2021, and thereafter dismissed the petition because (1) Appellant failed to either remit payment or request permission to proceed *in forma pauperis* ("IFP"), and (2) Appellant's "sovereign citizen" claim was frivolous.[2] **See** Trial Court Order, 3/23/21.

Thereafter, on April 5, 2021, Appellant sent another filing, entitled "amended petition for writ of habeas corpus and redress of grievance," to the Court of Common Pleas (hereinafter "April 5 petition"). It appears that the trial court filed this second petition, virtually identical to the first, at Appellant's criminal docket, CP-30-CR-0191-2014. By order entered on April 22, 2021, the trial court acknowledged the relation between Appellant's filings

---

[2] Within his petition, Appellant argues that he is "Randy Flynn Anderson," a divine, living, flesh and blood human being, who is separate and apart from the "straw man" and "corporate entity," "RANDY FLYNN ANDERSON" (specifically written in capital letters). March 4 Petition, 3/4/21, at 2. By this distinction, he alleges that only the "straw man" is subject to and charged under the criminal laws of Pennsylvania; thus he, as the flesh and blood human being, must be released from incarceration and awarded monetary damages. **Id.** at 2-4. Such claims, whether the individual identifies as a "sovereign citizen" or a "flesh-and-blood human being," have been rejected as frivolous challenges to the jurisdiction of the courts. **United States v. Benabe**, 654 F.3d 753, 767 (7th Cir. 2011); **see also Commonwealth v. McGarry**, 172 A.3d 60, 65-66 (Pa. Super. 2017).

at the criminal and civil dockets, but dismissed Appellant's April 5 petition as frivolous. *See* Trial Court Order, 4/22/21, at 3. The trial court directed that copies of Appellant's April 5 petition and the trial court's April 22, 2021 order be entered on Appellant's civil docket. *Id.* This appeal followed.[3, 4]

Preliminarily, we must determine the proper treatment of Appellant's petitions. The law is clear: the PCRA is intended to be "the sole means of achieving collateral relief" for those "serving illegal sentences" and subsumes the writ of *habeas corpus*. 42 Pa.C.S.A. § 9542. Where the issues raised are cognizable under the PCRA, they must be raised in a timely PCRA petition. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013). Consequently, the trial court erred as a matter of law in addressing, as a civil matter, Appellant's claim that the trial court lacked jurisdiction in 2015 to accept his guilty plea and sentence him to incarceration. *See* *Commonwealth v. Stout*, 978 A.2d 984, 987 (Pa. Super. 2009) (allegation that court lacked jurisdiction is cognizable under the PCRA,

---

[3] Because the trial court entered the April 22, 2021 order on Appellant's civil docket, we conclude that Appellant filed a timely notice of appeal from the April 22, 2021 order. Both Appellant and the trial court complied with Pa.R.A.P. 1925. The trial court relied on its March 23, 2021 and April 22, 2021 orders as its reasoning. *See* Trial Court Opinion, 7/6/21.

[4] In a letter dated November 23, 2021, Appellee Superintendent D.B. Oberlander declined to file a response because the matter was dismissed as frivolous. Appellee Marjorie Fox, in her official capacity as the former Greene County District Attorney, filed a late brief on February 20, 2022.

§ 9543(a)(2)(viii)). Instead, the trial court was required to treat Appellant's claim as a PCRA petition under his criminal docket and determine whether it had jurisdiction to address the merits of his claim under the PCRA. ***Commonwealth v. Moore***, 247 A.3d 990, 998 (Pa. 2021).

Treating Appellant's March 4, 2021 petition as a PCRA petition, Appellant's submission was patently untimely as it was filed more than one year after his judgment of sentence became final on June 19, 2017.[5] Therefore, Appellant was required to plead and prove, by a preponderance of the evidence, one of the three statutory exceptions to the PCRA jurisdictional time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert a timeliness exception, and based on our review, his claim does not appear to fall within one. Thus, neither the trial court nor this Court has jurisdiction to address the merits of his claim.[6,7]

_____

[5] Appellant's judgment of sentence was affirmed by this Court on May 19, 2017. ***See Anderson***, ***supra***. Appellant did not seek discretionary review with our Supreme Court; thus, his judgment of sentence became final on June 19, 2017. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

[6] Even if we did not dismiss Appellant's claim as an untimely PCRA petition, we would nevertheless agree with the trial court that Appellant's claims are frivolous and dismiss his appeal on that basis. ***See Benabe***, ***supra***, ***McGarry***, ***supra***.

[7] Appellant filed an application for relief on January 10, 2022, which this Court denied without prejudice "for Appellant to clarify what relief he is requesting from this Court." ***See*** *Per Curiam* Order, 1/13/22. Appellant filed a second application for relief, asserting that Appellees implicitly agreed and stipulated to his damages by failing to "respond point for point" to his appellate claim.

J-S07004-22

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022

---

**See** Application for Relief, 2/7/22, at 2. Appellant again fails to clarify what relief he is requesting from this Court. Moreover, the consequence for failure to file an appellee brief is not default, but rather, denial of the opportunity to be heard at oral argument. **See** Pa.R.A.P. 2188 ("If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.") Accordingly, we deny Appellant's second application for relief filed on February 7, 2022.