J-S27041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD J. ARTZ | : | |
| | : | |
| Appellant | : | No. 214 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-SA-0000323-2021

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED DECEMBER 13, 2022**

Edward J. Artz ("Artz")[1] appeals *pro se* from the judgment of sentence entered after the trial court found him guilty of numerous violations of the Vehicle Code.[2]  We dismiss the appeal.

A detailed recitation of the facts and procedural history of this appeal is unnecessary given our disposition.  Pennsylvania State Police Trooper Robert Rawley issued the citations to Artz after the trooper initially observed Artz driving in Chester County in a car with an improper license plate.  A magisterial district court judge found Artz guilty, and Artz timely filed a notice of appeal

---

[1] Artz refers to himself as "i:man, : Edward-james: [ARTZ]."  *See* Artz's Brief at 1.

[2] *See* 75 Pa.C.S.A. §§ 4305(a) (vehicular hazard signal lamps), 1301(a) (registration and certificate of title required), 1501(a) (drivers required to be licensed), 4703 (operation of vehicle without official certificate of inspection), 1101(a) (certificate of title required), 4706(c)(5) (evidence of emissions inspection).

in the court of common pleas. At a non-jury trial held over three days, Artz questioned the trial court's authority to recognize him as "Mr. Artz." **See** N.T., 12/13/21, at 2. Artz also demanded that the court state whether it had "subject matter jurisdiction, *in rem* jurisdiction, *in personam* jurisdiction, or territorial jurisdiction over [him]." **Id**. at 15 (italics added). The trial court found him guilty and imposed fines and costs. Artz timely appealed. The trial court did not order a statement of errors complained of on appeal.

As best as we can discern, Artz asserts that the trial court lacked proper subject matter or personal jurisdiction. **See** Artz's Brief at 15-16. Before reaching the merits of Artz's issues, however, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. **See Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id**. (internal citation omitted). It is an appellant's duty to present arguments that are sufficiently developed for our review. An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on

behalf of an appellant." *Id*. If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006)

Artz fails to comply with multiple rules of appellate procedure concerning the contents of a brief, *see* Pa.R.A.P. 2111, 2114, 2115, and had not included a statement of the question involved on appeal. *See* Pa.R.A.P. 2116(a). Of even greater importance, Artz's brief lacks any references to, or discussion of, *applicable* legal standards, statutes, or case law. *See* Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities). While Artz refers to United States Supreme Court cases, federal rules of procedure, and uses legal terminology, those cases and concepts have no applicability to the narrow question of the trial court's competency to adjudicate his for violations of the Vehicle Code. *See Commonwealth v. Arcelay*, 190 A.3d 609, 614 (Pa. Super. 2018) (noting that "[s]ubject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented") (internal citation and quotations omitted).[3] Accordingly, we conclude that the substantial defects

_____

[3] Aside from Artz's citations to inapplicable case law, his references to a fictional entity or trust bearing his name resemble sovereign citizen claims, which this Court has recognized as frivolous. *See Commonwealth v. McGarry*, 172 A.3d 60, 66 (Pa. Super. 2017). To the extent this Court may address the matter of subject matter jurisdiction *sua sponte*, *see Arcelay*, 190 A.3d at 614, we note that a magisterial district court has subject matter jurisdiction over summary offenses, such as Artz's violations of the Vehicle Code, and a court of common pleas has subject matter jurisdiction over appeals from final orders of a magisterial district court. *See* 42 Pa.C.S.A. §§ 932, 1515(a)(1).

in Artz's brief preclude meaningful appellate review, and we dismiss this appeal. **See** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022