J-A03006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEFA S. TANKERSLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS O. LOMAX | : | |
| | : | |
| Appellant | : | No. 1738 EDA 2024 |

Appeal from the Order Entered May 31, 2024
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No:  0C2208520,
PACSES: 885301762

| | | |
|---|---|---|
| JOSEFA S. TANKERSLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS O. LOMAX | : | |
| | : | |
| Appellant | : | No. 1739 EDA 2024 |

Appeal from the Order Entered June 17, 2024
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No:  0C2208520,
PACSES: 885301762

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 21, 2025**

Appellant, Nicholas O. Lomax, appeals *pro se* from the order of May 31, 2024, denying his exceptions to an order directing him to pay child support to Appellee, Josefa S. Tankersly, and from the order of June 17, 2024, denying his motion for special relief.  We affirm.

The record reveals that Appellant and Tankersly have a Child ("Child") together, born in January of 2022. On October 4, 2022, Tankersly filed a complaint for support. An interim order requiring Appellant to pay $344.26 per month plus $34.00 per month in arrears to Tankersly was entered on January 24, 2023. The matter proceeded before a hearing officer, and the interim order was made final on September 18, 2023, with Appellant never having filed exceptions. The instant appeal arises from Appellant's petition to modify support filed on September 26, 2023. That petition was reviewed by a hearing officer on February 8, 2024. The trial court on February 9, 2024, entered an interim order directing Appellant to pay $384.74 plus $38.00 in arrears per month to Tankersly. Appellant filed timely exceptions. At the conclusion of a May 31, 2024 hearing on Appellant's exceptions, the trial court denied relief. That order is one of two before us.

On April 1, 2024, while litigation of his exceptions was ongoing, Appellant filed a petition for special relief, claiming that the trial court lacked jurisdiction over him and that this matter was proceeding in violation of his constitutional rights. The second order before us is the trial court's denial of relief on that petition, entered at the conclusion of a June 17, 2024, hearing.

Appellant's *pro se* brief presents five questions. Appellant's *Pro Se* Brief at 1-4. Appellant claims, in summary, that the trial court lacked jurisdiction over him, that the support order was entered based on misinformation, and

that these proceedings violated numerous constitutional rights. We begin by setting forth the applicable standard of review:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***M.E.W. v. W.L.W.***, 240 A.3d 626, 634 (Pa. Super. 2020).

Appellant's reasoning in his brief is difficult to follow and his arguments are underdeveloped. With both parties[1] proceeding *pro se*, the record before us is not a model of clarity. At the May 31, 2024, hearing on Appellant's exceptions, however, the trial court gave Appellant a detailed explanation of how the amount of his support obligation was calculated:

> [Tankersly] submitted her paystub and her 2023 tax return. [Appellant] submitted his custody order. [Tankersly] is currently employed with an unnamed academy as a school specialist teacher. She's worked there for two years.
>
> She earns $27,000.00 annually. She collects food stamps in the amount of $360 a month from welfare. She credibly testified that she has no other employment and no other source of income.
>
> She is trained as a teacher and has a bachelor's degree. She's been a teacher for the last 17 years. She earned up to

---

[1] Tankersly has not submitted a brief to this Court.

$31,000.00 annually as a teacher from 2016 to 2018. She left that position in 2018 to care for an ill parent.

So she testified that she's not certified as a teacher, so by— so her earning capacity is limited until she obtains the certification. And so what they did is they took $31,000.00 as her income. And why they did that, even though [Tankersly] doesn't make that, she makes $27,000.00; they said, 'Well, that's okay. Because you willfully failed to maintain the higher employment level.'

And [Tankersly's] higher employment level was $31,200.00. So they pretended she made that income, even though she's not making it, because she can't reduce her childcare responsibilities by taking a lower paying job. And they do that for wives, husbands, whatever, boyfriends, girlfriends, mothers and fathers in general.

So [Tankersly] resides with her sister, mother, and nephew. [Tankersly's] nephew is [an] adult dependent. [...] [Tankersly's] sister works full time. But [Tankersly] testified she doesn't know how much [her sister] earns.

They didn't use additional household income, because neither the sister, nor the nephew, nor the grandmother [has] an obligation to support [Child]. Okay. [Tankersly's] got $1,000.00 in savings and checking.

And that's not reason to deviate from the guidelines. She pays $600.00 rent [...] and she owes 80,000.00 in student loans. And she repays that at a rate of $50.00 per month. [Child] is two years old.

Maternal grandmother is [Child's] caretaker. [Tankersly] pays her [...] $200.00 monthly, but that was failed [sic] to provide proof. But the support hearing officer found the $200.00 in monthly childcare expenses was reasonable and necessary for maintenance of employment.

[...]

Okay. So [Appellant]. [Appellant] is currently self-employed. [Appellant] own[s] six rental properties in Philadelphia as a landlord. [Appellant has] a valid rental license. [Appellant] didn't provide tax returns or financial records evidencing [his]

- 4 -

income. So they utilized the court records and found that [Appellant has] a gross annual income of $34,488.00.

[…]

[Appellant] testified that he has an additional child who resides with him. They utilized the multi-family calculation, but there was no proportionate reduction on the multi-family. They imputed income to [Tankersly] at $31,000.00.

They imputed income to [Appellant] at $34,000.00, which is what [he] made in 2020—what apparently [he was] considered to have made in 2022. Okay. Based on the evidence, including the testimony of the parties, the support hearing officer finds that [Child] spends more than 40 percent of the annual overnights with [Appellant].

Not 50 percent, but more than 40 percent. As such, finds [sic] an adjustment for substantial shared physical custody is warranted, which they did. Okay. When you look at the guidelines, here is what they did. They took [Tankersly's] money.

They took [Appellant's] money as [his] total gross monthly income as imputed, as pretended if it were, because [Tankersly] doesn't make that either by the way. Minus the deductions, which are done off a computer. [Appellant's] monthly net is $2,344.06. [Tankersly's] is $2,142.51. The total is $4,486.57. The adjusted is $4,486.57.

There is no changes. They go to the book for the courts. And they say, 'Okay. With two people. If two people have $4,486.57 to spend on a child what is the number that we would anticipate that any two parties who have a child would have?'

And the answer is $941.00, from the guidelines. What's [Appellant's] income in comparison to that? [Appellant's] is 52.25 percent. [Tankersly's] is 47.75 percent. It's close to 50/50. It's not quite. Under that, [Appellant] would spend $491.67. There is a $150.84 adjustment for shared custody. So they took, for the 40 percent, the more than 40 percent that [Appellant has]. The childcare expenses are $77.33. That's 52.25 percent of the $200.00 per month that [Tankersly] pays her mother.

So if [Appellant] didn't have the childcare expenses, which are pretty low anyway at $77.33, the amount would be $491.67

> minus $150.84. It would be $340.83. And then they added the $77.00 on.

N.T. Hearing, 5/31/24, at 27-36.

It is Appellant's obligation, under the standard of review, to establish that the trial court committed an abuse of discretion, and that its order cannot be sustained on any valid ground. As noted above, Appellant's arguments are difficult to follow. His brief fails to conform to many of the Rules of Appellate Procedure, and in particular is devoid of citations to legal authority that is pertinent to the issue before us, as required under Pa.R.A.P. 2119(b). Failure to support an argument with pertinent legal authority results in waiver, as the lack of a reasoned legal argument hampers our review and it is not this Court's duty to serve as an advocate for an appellant. *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002). Appellant's *pro se* status does not excuse his noncompliance with the Rules of Appellate Procedure, and it is not the role of this Court to serve as an advocate for a party who is unable to develop an argument. *Wilkins v. Marsico*, 903 A.2d 1281, 1284 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007). Because Appellant has failed to develop any valid basis for relief from the trial court's May 31, 2024, order, we will not disturb it.

We now turn to the June 17, 2024, order denying Appellant's petition for special relief. With his petition for special relief, Appellant challenged, among other things, the trial court's jurisdiction to order him to pay child support and the constitutionality of Pennsylvania's child support guidelines.

Our standard of review for questions of law is *de novo*, and our scope of review is plenary. **Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017), *appeal denied*, 185 A.3d 966 (Pa. 2018). The trial court conducted a hearing on Appellant's petition for special relief, during which Appellant engaged the trial court in a lengthy and contentious discussion. The trial court explained in detail the distinctions between federal and state law, and between the laws of the Commonwealth of Pennsylvania and those of other states, as much of the law Appellant relied on was irrelevant, not binding on the courts of this Commonwealth, or both. N.T. Hearing, 6/17/24, at 7-20. Appellant has cited no law before the trial court or in his brief to this Court, to support a conclusion that Pennsylvania's child support guidelines are unconstitutional under either the Pennsylvania or United States Constitutions. **Id.** at 20-26. Appellant's challenges to the trial court's June 17, 2024, order suffer from the same deficiencies as his challenges to the child support order. As such, they meet the same fate.

Further, we note that Appellant's challenges to the trial court's jurisdiction over him appear to be sovereign citizen arguments. A prior panel of this Court explained to Appellant the lack of merit in these arguments. **Tankersly v. Lomax**, 954 EDA 2023 (Pa. Super. March 15, 2023), unpublished memorandum at 8 n.8. Indeed, we have commonly rejected such challenges to jurisdiction as frivolous. **McGarry**, 172 A.3d at 65-66. The prior panel also acknowledged the trial court's understandable exasperation with

- 7 -

Appellant's behavior before the court. *Tankersly*, 954 EDA 2023, unpublished memorandum, at 7.

Because Appellant has failed to develop any meritorious argument, we affirm the trial court's orders. We also deny Appellant's pending November 19, 2024, application for relief, in which he requested an opportunity to supplement the record.

Orders affirmed. Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2025