J-S36004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASSIN HAYTHAME MOHAMAD | : | |
| | : | |
| Appellant | : | No. 236 WDA 2022 |

Appeal from the PCRA Order Entered August 8, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No.:  CP-26-CR-0000399-2007

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:            **FILED:  March 10, 2023**

Appellant Yassin Haythame Mohamad appeals from the August 8, 2022 order of the Court of Common Pleas of Fayette County ("PCRA court"), which dismissed his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.[1]  Upon review, we vacate and remand.

The facts and procedural history of this case are undisputed.  Briefly, as recounted by a prior panel of this Court on collateral review:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the PCRA court's February 8, 2022 notice of intent to dismiss his *pro se* petition.  However, the appeal lies properly from the order denying relief filed on August 8, 2022.  While technically premature, we deem his notice of appeal timely filed and have changed the caption accordingly.  ***See Commonwealth v. McGarry***, 172 A.3d 60, 63 n.1 (Pa. Super. 2017) (deeming appeal proper despite premature notice of appeal where the PCRA court subsequently entered a final order dismissing the PCRA petition); Pa.R.A.P. 905(a)(5).

Appellant was convicted by a jury of two counts each of attempted homicide, aggravated assault, and simple assault arising from an altercation with corrections officers in 2006 at SCI-Fayette where he was serving prison sentences imposed in Philadelphia, Luzerne, and Cumberland Counties. On December 14, 2007, the trial court sentenced Appellant to an aggregate term of imprisonment of 20 to 40 years, to be served consecutively to the sentences that he was already serving.

Appellant filed a timely appeal from his judgment of sentence that was dismissed on April 9, 2008 for failure to file a docketing statement. Appellant filed a timely first PCRA petition on February 5, 2009 and following an appeal from a denial of PCRA relief, his appeal rights were reinstated *nunc pro tunc* in 2015. On June 23, 2016 this Court decided Appellant's direct appeal and affirmed the judgment of sentence. No petition for allowance of appeal was filed

On February 4, 2020, Appellant, acting *pro se*, filed [a] PCRA petition[, his first]. In this PCRA petition, Appellant asserted three grounds for relief: 1) a claim that the Commonwealth allegedly withheld a camera recording of the altercation between him and the corrections officers; 2) a claim of ineffective assistance of his direct appeal counsel; and 3) a claim of newly discovered evidence of an inmate witness to the altercation. On April 2, 2020, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's 2020 PCRA petition without a hearing as untimely. On April 27, 2020, the PCRA court entered an order noting that Appellant had failed to respond to the Rule 907 notice and dismissing the PCRA petition.

On May 22, 2020, Appellant timely appealed the April 27, 2020 dismissal of his 2020 PCRA petition, *pro se*, to this Court. On June 25, 2020, this Court ordered the trial court to appoint counsel for Appellant or inform the Court why Appellant was not entitled to counsel. The trial court appointed counsel to represent Appellant, and in December 2020, counsel filed an application to withdraw and filed and served on Appellant an [***Anders v. California***, 386 U.S. 738 (1967)] brief in which he concluded that there was no ground for reversal of the dismissal of Appellant's PCRA petition.

***Commonwealth v. Mohamad***, No. 571 WDA 2020, 253 A.3d 326 (Pa. Super.

Filed April 30, 2021) (internal citations and footnote omitted). On April 30,

2021, we dismissed the appeal as moot because the PCRA court had vacated its April 27 dismissal order.[2]  Thereafter, the docket reveals that the PCRA court took no further action on Appellant's PCRA petition other than to permit appointed counsel to withdraw on October 7, 2021.

On January 24, 2022, while his first petition was lingering in the PCRA court, Appellant filed the instant—his second—petition.  Following the issuance of a Rule 907 notice, the PCRA court dismissed as untimely the second petition.  Appellant *pro se* timely appealed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[3] Appellant *pro se* presents two issues for our review:

[I.] Whether the PCRA court erred and/or abused [its] discretion when it ruled on the merits of petition without first deciding on the discovery request?

[II.] Whether the PCRA court erred in denying [Appellant's] petition as untimely when he established that the government officials interfered with the presentation of his claims by failing to turn over exculpatory and impeachment evidence in violation of [**Brady v. Maryland**, 373 U.S. 83 (1963)] within the plain language of the timeliness exception and that the Commonwealth failed to disclose any discoveries in this case.

Appellant's Brief at 4 (sic).

_____

[2] Specifically, the PCRA set aside the dismissal order on May 4, 2020 to allow Appellant additional time to respond to its Rule 907 notice.  Appellant responded on May 22, 2020.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

Here, we need not address the substance of Appellant's appeal, because the PCRA court dismissed Appellant's second petition while his first petition still was pending before the court. As stated, following this Court's April 30, 2021 decision, wherein we noted that the PCRA court vacated its dismissal of Appellant's first PCRA petition, the PCRA court did not issue any order disposing of the first petition. Indeed, for all intents and purposes, the first petition **still was pending** before the PCRA court when Appellant filed the second petition on January 24, 2021. Thus, to the extent the PCRA court dismissed as untimely Appellant's second petition, it erred.

Separately, in **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), **appeal denied**, 190 A.3d 1134 (Pa. 2018), we held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Montgomery**, 181 A.3d at 365 (noting that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review").

Under **Montgomery**, the PCRA court was not divested of jurisdiction to consider Appellant's second petition, because the first petition still was pending before the court and no appeal had been taken. We, therefore, are constrained to remand this matter to the PCRA court to address and dispose of Appellant's now two pending petitions.

- 4 -

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/10/2023