J-S24015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LOUIS SYKE | : | |
| | : | |
| Appellant | : | No. 1213 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012703-2018

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  August 20, 2024**

Robert Louis Syke appeals *pro se* from the judgment of sentence of sixteen months of probation imposed following his bench trial convictions for possession of marijuana, resisting arrest, and two summary offenses.  We affirm.

The facts are straightforward.  On March 11, 2018, at approximately 4:30 a.m., Duquesne Police Chief Tom Dunlevy observed a vehicle driving the wrong way on a one-way street.  He initiated a traffic stop and was shortly thereafter joined by other police officers.  The officers smelled a strong odor of marijuana and informed Appellant that he was under arrest.  Appellant refused commands to exit his vehicle, prompting an officer to push him from the passenger's side.  Once outside the vehicle, Appellant adopted a boxing

_____

[*] Former Justice specially assigned to the Superior Court.

stance and refused commands to place his hands behind his back. Appellant was ultimately arrested after an officer subdued him with a taser. While awaiting a tow, officers conducted an inventory search and located several wrapped bags of marijuana.

Appellant was charged with possession with intent to deliver ("PWID"), possession of marijuana, resisting arrest, disorderly conduct, and summary traffic offenses. Appellant, acting *pro se*, elected for a bench trial on February 15, 2019, and was acquitted at the counts of PWID and disorderly conduct. The court found him guilty of the remaining charges. Appellant, then represented by the Allegheny County Office of the Public Defender, was sentenced on September 5, 2023.[1] Appellant filed a timely *pro se* notice of appeal.[2]

We initially address multiple defects in Appellant's brief, which have severely hampered our review. The brief lacks a statement of questions involved as required by Pa.R.A.P. 2116(a). This is not a mere technical defect as the brief does not otherwise clearly delineate issues for our review.[3]

---

[1] Sentencing was originally scheduled for May 9, 2019. Appellant presumably failed to appear, as the trial judge granted a motion to revoke bail that same date.

[2] Counsel filed a motion to remand for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). We granted that request and Appellant elected to represent himself following that hearing.

[3] Instead of filing a Pa.R.A.P. 1925(b) statement as directed by the trial court, Appellant filed a ten-page brief. The trial court likewise struggled to discern
*(Footnote Continued Next Page)*

Appellant's brief contains a section designated as "points and authorities," which largely consists of block quotations from various cases. Over the ensuing eleven pages, Appellant designates by number what may or may not be three substantive claims. First, that "[t]here is no *corpus delicti*." Appellant's brief at 9. He then asserts that "[t]here is no plaintiff," and, without further development, that "adversarial proceedings require real adversaries[.]" *Id*. at 11. Third, Appellant argues that the Commonwealth failed to establish that he "was operating a 'vessel' in commerce," on the basis that he "never entered in[to] a contract" with the Department of Motor Vehicles and therefore he cannot "be punished for [t]raveling . . . for that would be converting a right into a crime." *Id*. at 12.

These three "claims" are not developed in the "Argument" section of his brief. There, Appellant instead designates by letter five issues in an apparent attempt to comply with the requirement that the "argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). It is not clear to what extent, if any, Appellant relies on the foregoing assertions to support these claims. Including a statement of questions

_____

any specific issues. It determined that "[a]fter multiple readings [of the brief], it appears [Appellant] is making six . . . claims of error." Trial Court Opinion, 3/13/24, at unnumbered 3. The court identified those six as: (1) failing to dismiss the case for lack of *corpus delicti*; (2) the evidence was insufficient to convict him of all counts; (3) the trial court erred by not granting motions to dismiss for alleged discovery violations; (4) there was no probable cause to stop the vehicle; (5) the trial court lacked jurisdiction; and (6) the Commonwealth failed to establish Appellant was the defendant.

involved would have greatly aided our ability to ascertain Appellant's complaints.

These defects are compounded by Appellant's failure to develop these issues with pertinent caselaw and discussion. Indeed, the first two claims in the argument section are not supported by any argument whatsoever. The claims that do include substantive discussion advance confusing and underexplained legal theories. By way of example, Appellant opens his discussion for "D. Jurisdiction" with an assertion that "The 6th amendment grants the right to know nature and cause." Appellant's brief at 31. This "jurisdictional" argument claims that there is "common law" jurisdiction and "admiralty-maritime private military tribunal" jurisdiction, and faults the Commonwealth for not informing him which jurisdiction was at issue. *Id*.

Appellant also advances throughout his brief an overarching theory that the human being Robert Louis Syke exists separately from the "fictional" entity which was prosecuted in this case. For instance, in his statement of the case section, Appellant separates the "alleged defendant" as an "[a]uthorized [r]epresentative" from "ROBERT LOUIS SYKE Legal Person[.]" *Id*. at 18. The closing portion of Appellant's brief claims that "ROBERT LOUIS SYKE (business name) eng legis . . . do[es] not exist in the physical only the fiction[.]" *Id*. at 32. He "rebut[s] any assumption that I am the name on this docket" and argues that he "never intended to be a citizen or a *de facto* federal corporation . . . I rebut any assumptions that I am the state[']s name ROBERT LOUIS

SYKE eng legis[.]" ***Id***. These arguments are reminiscent of those frequently raised by "sovereign citizens."[4]

> [S]overeigns believe that when a person is born, that person's birth certificate (or Social Security card application) creates a corresponding legal fiction, or "strawman," in that person's name. This means that every person has a kind of dual personality; there is the "flesh-and-blood" person on one hand and the fictional strawman on the other. They believe that only the strawman really operates in the modern commercial world (engaging in transactions, collecting debts, and contracting with others); accordingly, they believe the government has power over the strawman only, and completely lacks authority over the flesh-and blood person.

Joshua P. Weir, *Sovereign Citizens*: *A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 829 (2015) (footnotes omitted). Thus, while Appellant does not claim to be part of the sovereign citizen movement, his arguments in support are effectively indistinguishable from those of its adherents.

As Appellant is acting *pro se* this Court will construe his brief liberally. ***In re deLevie***, 204 A.3d 505, 511 (Pa.Super. 2019). Simultaneously, "*pro se* status confers no special benefit . . . . To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d 1207, 1211–1212 (Pa.Super. 2010). The defects are substantial, and we could dismiss the appeal on that basis. Pa.R.A.P. 2101

---

[4] Appellant rejected this label. N.T. Hearing, 2/7/19, at 7 ("I'm not a sovereign citizen. I'm a secured party.").

("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed"). However, we decline to do so as this Court interprets Appellant's arguments to all go to one of two general issues. The first is whether the Duquesne police officers had any lawful right to interfere with his "right to travel." The second is whether the Commonwealth could lawfully prosecute Appellant.

Beginning with the first point, Appellant appears to claim that the Commonwealth in its sovereign capacity cannot restrict travel on the roads and highways outside of a "commercial" or formal business contractual relationship. *See* Appellant's brief at 14 ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment.") (quoting *Kent v. Dulles*, 357 U.S. 116, 125 (1958)).[5] Appellant makes little argument beyond quoting this passage. He appears to claim that any restriction that touches on the "right to travel," which in this case apparently extends to operating a motor vehicle however Appellant wishes, is *per se* invalid. This argument does not account for the obvious countervailing governmental interests involved. *See generally Cady v. Dombrowski*, 413 U.S. 433, 441 (1973) ("All States require vehicles to be

---

[5] Again, while Appellant does not claim to be a sovereign citizen, *Dulles* is one of four cases commonly cited by sovereign citizens to support "right to travel" arguments. *See* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 169 (2019) (citing the quoted *Dulles* passage as one of the "four most common cases and quotes" appearing in sovereign citizen pleadings concerning a "right to travel").

registered and operators to be licensed. States and localities have enacted extensive and detailed codes regulating the condition and manner in which motor vehicles may be operated on public streets and highways."). Appellant does not make any argument that the specific regulations involved are invalid, and we will not develop arguments on his behalf. *Commonwealth v. Spuck*, 86 A.3d 870, 874 (Pa.Super. 2014) ("We also have held time and again that this Court will not act as counsel for an appellant who has not substantially complied with our rules.") (cleaned up).

Here, the fact that Appellant was driving the wrong way down a one-way street supplied a valid reason to stop his vehicle. *See Whren v. United States*, 517 U.S. 806, 817–19 (1996) (holding that probable cause to believe that a civil traffic violation has been committed justifies a traffic stop). Appellant's decision to use public roads subjected him to the various rules and regulations concerning that privilege. *See Commonwealth v. Strunk*, 582 A.2d 1326, 1327 (Pa.Super. 1990) ("[W]hile an individual's right to possess a driver's license is considered a 'privilege' in the constitutional sense, the right to do so is not fundamental.").

The second general point Appellant raises is that he is beyond all reach of the Commonwealth's law enforcement officials because he is not "the state['s] name ROBERT LOUIS SYKE eng legis," which is apparently a "business name" only. Appellant's brief at 32. These types of arguments have been routinely rejected as patently frivolous. In *Commonwealth v. McGarry*, 172 A.3d 60 (Pa.Super. 2017), the appellant "essentially argue[d]

that he is a 'sovereign citizen' and, therefore, is not subject to the laws of the Commonwealth of Pennsylvania." *Id*. at 65. We noted that various "[c]ourts in this Commonwealth and various Federal Courts of Appeals have rejected sovereign citizen claims, identical to those raised here in a handful of unpublished decisions, as frivolous." *Id*. at 66 (citations omitted). We agreed with those courts "that such sovereign citizen claims are frivolous." *Id*. Appellant's arguments that the courts lacked jurisdiction over him as an individual are likewise devoid of merit.

In sum, the trial court credited testimony that Appellant was observed driving the wrong way down a one-way street, thereby supplying probable cause to seize Appellant's vehicle for purposes of issuing a citation. In turn, the criminal charges based on Appellant's driving, his conduct during the lawful traffic stop, and the discovery of drugs during an inventory search were all valid exercises of the Commonwealth's powers. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/20/2024